**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------X

JOSE ESCOBAR,

                Plaintiff,

      -against-

LA FETTA CORP. d/b/a CROSTINI PIZZA
NORTH BROADWAY, MAHFUZ BHUIYAN,
and JOSEPH PERRONE,

                Defendants.

---------------------------------------------X

**Case No. 2:26-cv-01750-ST**

**<u>VERIFIED ANSWER</u>**

**ANSWER**

Defendant Mahfuz Bhuiyan ("Defendant Bhuiyan"), by and through his undersigned counsel, hereby answers the Complaint of Plaintiff Jose Escobar ("Plaintiff") as follows:

1. The allegations contained in the caption and section headings of the Complaint require no response. To the extent a response is deemed required, Defendant Bhuiyan denies those allegations as against him.

2. Defendant Bhuiyan denies the allegations in the first paragraph numbered 1 of the Complaint, except admits that Plaintiff purports to assert claims under the Fair Labor Standards Act ("FLSA"). Defendant Bhuiyan denies that Plaintiff is entitled to recover any relief from him.

3. Defendant Bhuiyan denies the allegations in the second paragraph numbered 1 of the Complaint, except admits that Plaintiff purports to assert claims under the New York Labor Law ("NYLL") and the Wage Theft Prevention Act. Defendant Bhuiyan denies that Plaintiff is entitled to recover any relief from him.

4.      Defendant Bhuiyan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 4, 5, 6, and 8 of the Complaint, and therefore denies those allegations as against him.

5.      With respect to paragraph 7 of the Complaint, Defendant Bhuiyan admits only that he is an adult individual residing in this District. Defendant Bhuiyan further states that any involvement he had with the restaurant premises located at 947 North Broadway, North Massapequa, New York began only after the May 1, 2025 closing of an asset-purchase transaction. Defendant Bhuiyan denies that he was an owner, part owner, principal, or manager of La Fetta Corp. d/b/a Crostini Pizza North Broadway before May 1, 2025; denies that he hired or fired Plaintiff, set Plaintiff's wages or work schedules, or maintained Plaintiff's employment records before May 1, 2025; and denies the remaining allegations in paragraph 7.

6.      Defendant Bhuiyan denies the allegations in paragraphs 9 and 10 of the Complaint, including the allegations that he was involved in day-to-day operations of the restaurant, scheduled, supervised, or paid Plaintiff at all relevant times, or constituted Plaintiff's employer under the FLSA or NYLL.

7.      The allegations in paragraphs 11, 12, and 13 of the Complaint are legal conclusions concerning jurisdiction and venue and require no response. To the extent a response is deemed required, Defendant Bhuiyan denies any allegation that would impose liability upon him and otherwise leaves Plaintiff to his proof.

8.      With respect to paragraph 14 of the Complaint, Defendant Bhuiyan admits only that the restaurant premises located at 947 North Broadway, North Massapequa, New York was the subject of an asset-purchase closing on or about May 1, 2025. Defendant Bhuiyan denies that he

2

owned or operated the restaurant before May 1, 2025 and denies the remaining allegations in paragraph 14 as against him.

9.     Defendant Bhuiyan lacks knowledge or information sufficient to form a belief as to Plaintiff's alleged employment by any other person or entity before May 1, 2025, as alleged in paragraphs 15, 16, and 17 of the Complaint, and therefore denies those allegations as against him. Defendant Bhuiyan specifically denies that Plaintiff was employed by Defendant Bhuiyan before May 1, 2025 and denies that Defendant Bhuiyan was Plaintiff's employer as alleged.

10.     Defendant Bhuiyan denies the allegations in paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, and 32 of the Complaint as against him. Defendant Bhuiyan specifically denies that, before May 1, 2025, he set Plaintiff's schedule, set Plaintiff's compensation, paid Plaintiff, withheld wages, failed to provide wage notices or wage statements, failed to post notices, or otherwise controlled any alleged wage practice concerning Plaintiff.

11.     Defendant Bhuiyan denies the allegations in paragraphs 33, 34, 35, 36, 37, and 38 of the Complaint and denies liability under Count I for alleged FLSA overtime violations.

12.     Defendant Bhuiyan denies the allegations in paragraphs 41, 42, 43, 44, and 45 of the Complaint and denies liability under Count II for alleged FLSA minimum-wage violations.

13.     Defendant Bhuiyan denies the allegations in paragraphs 46, 47, 48, 49, and 50 of the Complaint and denies liability under Count III for alleged NYLL overtime violations.

14.     Defendant Bhuiyan denies the allegations in paragraphs 51, 52, 53, 54, and 55 of the Complaint and denies liability under Count IV for alleged NYLL minimum-wage violations.

15.     Defendant Bhuiyan denies the allegations in paragraphs 56, 57, 58, 59, and 60 of the Complaint and denies liability under Count V for alleged NYLL spread-of-hours violations.

3

16. Defendant Bhuiyan denies the allegations in paragraphs 61, 62, 63, 64, 65, and 66 of the Complaint and denies liability under Count VI for alleged Wage Theft Prevention Act violations.

17. No response is required to the Complaint's Prayer for Relief. To the extent a response is deemed required, Defendant Bhuiyan denies that Plaintiff is entitled to any of the requested relief, or to any relief whatsoever, from Defendant Bhuiyan.

18. Except as expressly admitted above, Defendant Bhuiyan denies each and every remaining allegation in the Complaint.

### GENERAL DENIAL

19. Defendant Bhuiyan denies each and every allegation in the Complaint not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

20. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted against Defendant Bhuiyan.

### SECOND AFFIRMATIVE DEFENSE

21. Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

22. Defendant Bhuiyan was not Plaintiff's "employer" within the meaning of the FLSA or NYLL during the periods alleged in the Complaint, including any period before May 1, 2025. Defendant Bhuiyan did not possess or exercise operational control over Plaintiff, did not hire or

4

fire Plaintiff, did not determine Plaintiff's rate or method of pay, did not set Plaintiff's work schedule, and did not maintain Plaintiff's employment records as alleged.

## FOURTH AFFIRMATIVE DEFENSE

23. Plaintiff's claims for any alleged conduct, omissions, wages, notices, statements, schedules, payments, or employment practices before May 1, 2025 are barred as against Defendant Bhuiyan because Defendant Bhuiyan had no involvement with the restaurant before the May 1, 2025 asset-purchase closing and did not control or cause any alleged pre-closing employment practice. To the extent Plaintiff seeks to impose pre-closing, successor, alter-ego, or joint-employer liability on Defendant Bhuiyan, such claims are denied and barred.

## FIFTH AFFIRMATIVE DEFENSE

24. If Defendant Bhuiyan is found to have failed to pay Plaintiff any wages, overtime, spread-of-hours compensation, notices, or statements as alleged, which Defendant Bhuiyan expressly denies, then any such failure was in good faith and based on a reasonable belief that all applicable federal and state laws, regulations, and orders were being complied with. Plaintiff's claims for liquidated damages, enhanced damages, and any finding of willfulness are therefore barred.

## SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff has been paid all or substantially all wages, overtime, spread-of-hours compensation, and other compensation to which he was entitled. Defendant Bhuiyan is entitled to an offset, credit, or set-off for any payments, compensation, or benefits already provided to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

26.     Plaintiff's causes of action are duplicative and seek overlapping relief. Plaintiff cannot recover multiple or cumulative damages for the same alleged conduct, including any double recovery of liquidated damages or other relief under both federal and state law for the same alleged hours, wages, or underpayments.

## EIGHTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claims for statutory damages under the Wage Theft Prevention Act are barred or must be reduced because Plaintiff suffered no actual injury, prejudice, or financial harm caused by Defendant Bhuiyan, and because Defendant Bhuiyan did not willfully violate any notice or wage-statement requirement.

## NINTH AFFIRMATIVE DEFENSE

28.     Any alleged damages were not caused by Defendant Bhuiyan. To the extent any alleged acts or omissions occurred, they were caused by other persons or entities over whom Defendant Bhuiyan had no control, particularly with respect to any alleged pre-May 1, 2025 conduct.

## TENTH AFFIRMATIVE DEFENSE

29.     To the extent Plaintiff or any hours of Plaintiff's employment fell within any exemption, exclusion, credit, allowance, or other defense under the FLSA, the NYLL, the Hospitality Wage Order, or any applicable regulation, Plaintiff's claims for additional wages, overtime, spread-of-hours compensation, statutory damages, or penalties are barred or reduced.

6

## ELEVENTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

31.     To the extent Plaintiff has sustained any damages or losses, he has failed to mitigate those damages. Any recovery must therefore be reduced or barred by Plaintiff's failure to make reasonable efforts to mitigate his alleged damages, if any.

## THIRTEENTH AFFIRMATIVE DEFENSE

32.     Plaintiff's demand for punitive or exemplary damages is barred because such damages are not authorized by the applicable law under the circumstances of this case. In the alternative, any claim for punitive damages is unwarranted because Defendant Bhuiyan did not act willfully, maliciously, or with reckless indifference to Plaintiff's rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

33.     If evidence is discovered showing that Plaintiff engaged in fraud, misconduct, or other wrongdoing during any period of employment, and such conduct would have resulted in discipline or termination had it been known at the time, then any recovery by Plaintiff is barred or must be limited pursuant to the after-acquired evidence doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

34.     Defendant Bhuiyan reserves the right to assert additional defenses and to supplement, alter, or amend this Answer upon discovery of new facts or other appropriate grounds, to the extent permitted by the Federal Rules of Civil Procedure and any applicable order of this Court.

## JURY DEMAND

35.    Defendant Bhuiyan demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant respectfully request that this Court enter judgment in their favor and against the Plaintiff as follows:

a. Dismissing the Complaint in its entirety as against Defendant Bhuiyan, with

prejudice and on the merits;

b. Denying each and every demand and prayer for relief contained in the

Complaint as against Defendant Bhuiyan; and

c. Granting such other and further relief as the Court deems just and proper.

Dated: May 18, 2026
Hauppauge, New York

_____
Attorneys for Defendant
Muhammad Junaid, Esq.
AMC LAW PLLC
Tel: (347) 612-0511
Email: mj@amclawpartners.com

8

## ATTORNEY VERIFICATION

Muhammad Junaid, Esq., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

1. I am the principal of AMC LAW PLLC, attorneys for Defendant Mahfuz Bhuiyan in the above-captioned action.

2. I have read the foregoing Verified Answer of Defendant Mahfuz Bhuiyan and know the contents thereof.

3. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

4. This verification is made by me because Defendant Mahfuz Bhuiyan resides in Nassau County, New York, while my office is located in Suffolk County, New York, and because the facts set forth in the Verified Answer are based upon information provided by my client, documents reviewed by my office, and my office's involvement in the underlying transaction referenced therein.


Dated: May 18, 2026
   Hauppauge, New York


_____
Muhammad Junaid, Esq.
AMC LAW PLLC
330 Motor Parkway, Suite 201
Hauppauge, New York 11788
Tel.: (347) 612-0511
Email: mj@amclawpartners.com

9